✎AO 241                                                                                              Page 2
(Rev. 12/04)

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

- 08 - 272 -

| United States District Court | District: | of Delaware |
|---|---|---|

| Name (under which you were convicted): Jason A. Hainey | Docket or Case No.: 0306015699 |
|---|---|

| Place of Confinement: Delaware Correctional Center | 1181 Paddock Rd. Smyrna DE 19977 | Prisoner No.: 383182 |
|---|---|---|

| Petitioner (include the name under which you were convicted) Jason A. Hainey | Respondent (authorized person having custody of petitioner) v. ~~State of Delaware~~ Warden, Perry Phelps |
|---|---|

The Attorney General of the State of Delaware: Carl C. Danberg

**PETITION**

FILED

MAY - 7 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

scanned
IPP

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:
     Superior Court of Delaware, New Castle County Courthouse,
     500 N. King St. Wilmington, DE 19801

     (b) Criminal docket or case number (if you know): 0306015699

2.   (a) Date of the judgment of conviction (if you know): May 14, 2004

     (b) Date of sentencing: ~~late~~ May 14, 2004

3.   Length of sentence: Life

4.   In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Two Counts of first
     degree murder, Two counts of Possession of a firearm
     during the commission of a felony, Attempted Robbery
     first degree

6.   (a) What was your plea? (Check one)

     ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

     ☐ (2)   Guilty            ☐ (4)   Insanity plea

     (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
     you plead guilty to and what did you plead not guilty to? N/A

AO 241
(Rev. 12/04)

Page 3

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☑ No

8.  Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:  Supreme Court of the State of Delaware (Direct Appeal)

(b) Docket or case number (if you know):  252, 2004

(c) Result:  Affirmed

(d) Date of result (if you know):  July 5, 2005

(e) Citation to the case (if you know):

(f) Grounds raised: The jury's verdict was not supported by sufficient evidence; Trial Judge committed plain error when he did not give a getz instruction when the state introduced into evidence that the defendant possessed a 38 caliber Revolver at the time of his arrest in an unrelated incident; Trial Judge should have permitted evidence of Vincent Town's juvenile burglary conviction

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

    (5) Citation to the case (if you know):

    (6) Grounds raised:

AO 241
(Rev. 12/04)

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court: Superior court of Delaware

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): June 15, 2006

      (4) Nature of the proceeding: Post Conviction Relief Rule (6l)

      (5) Grounds raised: 1. Abuse of discretion when trial Judge allowed gun as evidence that had no established nexus to crime. 2. Persecution used misleading/Perjured testimony + also ~~misrepresent~~ misrepresented evidence to convict defendant. 3. Ineffective assistance of counsel for failing to interview/subpoena key witness 4. Ineffective assistance of counsel for failing to file a motion 29 on all charges in support of motion in limine, misleading/Perjured testimony, misrepresenting evidence + lack of nexus evidence. 5. Jury's verdict not supported by sufficient evidence. 6. Appellate counsel was Ineffective for failing to present facts or argue facts reflected in record. 7. Ineffective ass of counsel for failing to argue that prosecution used perjured/misleading testimony + also misrepresented evidence.

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐ Yes   ☒ No

      (7) Result: _____

      (8) Date of result (if you know): _____

    (b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: Supreme court of Delaware

      (2) Docket or case number (if you know): 538, 2007

      (3) Date of filing (if you know): October 9, 2007

      (4) Nature of the proceeding: Post Conviction Relief Rule (6l)

AO 241
(Rev. 12/04)

Page 5

(5) Grounds raised:  Same Grounds as 11 (A)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:  Affirmed

(8) Date of result (if you know):    March 31 2008

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:    N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☑ Yes    ☐ No

(3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**    Abuse of discretion by trial judge for allowing a gun to be introduced that had no established nexus to the charged crime

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ballistic test came back inconclusive. Also an incomplete balancing analysis to determine Relevancy of evidence was hid, when uncorroborated, misleading & perjured testimony was given that in turn allowed the unreliable gun to be admitted as evidence. Violating the defendants 5th & 14th amendments of due process & equal protection of the laws.

(b) If you did not exhaust your state remedies on Ground One, explain why:    N/A

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    Defense counsel refused to meet with me to discuss options/strategy for direct appeal despite repeated request.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

AO 241
(Rev. 12/04)                                                                                                                    Page 7

Type of motion or petition: Post Conviction Relief Rule 61

Name and location of the court where the motion or petition was filed: Superior court of Delaware

New Castle County Courthouse 500 King St. Wilmington, DE 19801

Docket or case number (if you know): 0306015699

Date of the court's decision: September 29, 2007

Result (attach a copy of the court's opinion or order, if available): ~~Affirmed~~ Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

New Castle County Courthouse 500 King St. Wilmington, DE 19801

Docket or case number (if you know): 538, 2007

Date of the court's decision: March 31, 2008

Result (attach a copy of the court's opinion or order, if available): ~~Affirmed~~ Denied/Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: None

**GROUND TWO:** Ineffective assistance of counsel for failing to present facts or argue that Prosecution used misleading/Perjured testimony & misrepresented Evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel never objected or raised on direct appeal the fact that

the state used misleading/Perjured testimony that is fund allowed

AO 241
(Rev. 12/04)

Page 8

a gun to be admitted as Evidence that had no established nexus to the crime

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Counsel refused to meet with me to discuss options/strategy for direct appeal despite Repeated request

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Rule (d)

Name and location of the court where the motion or petition was filed: Superior Court of Delaware New Castle County Courthouse 500 Kings+ Wilmington, DE 19801

Docket or case number (if you know): 0306015699

Date of the court's decision: September 24, 2007

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware New Castle County Courthouse 500 Kings+ Wilmington, DE 19801

Docket or case number (if you know): 538, 2007

AO 241
(Rev. 12/04)

Date of the court's decision: _March 31, 2008_

Result (attach a copy of the court's opinion or order, if available): _Affirmed_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two _none_

**GROUND THREE:** _Ineffective assistance of counsel for failing to interview/subpoena key witness_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Key witness would have rebutted an already consistently inconsistent witness account of the events leading up to the crime + events there after._

(b) If you did not exhaust your state remedies on Ground Three, explain why: _N/A_

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _No contact with counselor after sentencing. Despite repeated attempts. (Ineffective claim cannot be raised on direct appeal unless trial & appeal counsel are different)_

(d) **Post-Conviction Proceedings:**

AO 241
(Rev. 12/04)

Page 10

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Post Conviction Relief Rule (c)

Name and location of the court where the motion or petition was filed:   Superior Court of Delaware

New Castle County Courthouse 500 King St. Wilmington, DE 19801

Docket or case number (if you know):   0306015699

Date of the court's decision:   September 24, 2007

Result (attach a copy of the court's opinion or order, if available):   Denied

(3) Did you receive a hearing on your motion or petition?              ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?          ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Supreme Court of Delaware

New Castle county Courthouse 500 King St Wilmington, DE 19801

Docket or case number (if you know):   538, 2007

Date of the court's decision:   March 31, 2008

Result (attach a copy of the court's opinion or order, if available):   Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   None

GROUND FOUR:   Ineff. ass of counsel for failure to file a motion 29 on all charges in support of verdict in front, misleading/prejudiced testimony & lack of circuall evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 12/04)

Trial counsel stated that he didn't think he meet the rule 29 standard that is why he didn't file it. Yet filed a claim during direct appeal arguing that the jury's verdict was not supported by sufficient evidence. The standard for both claims are the same and a motion 29 has to be filed in order to preserve an insufficient evidence claim. Otherwise the insufficient evidence claim is waived.

(b) If you did not exhaust your state remedies on Ground Four, explain why:  N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:  Ineffective claim can not be raised on direct appeal unless trial + appeal lawyer were different

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Post Conviction Relief Rule 61

Name and location of the court where the motion or petition was filed:  Superior Court of Delaware

New Castle County Courthouse 500 King st Wilmington, DE 19801

Docket or case number (if you know):  0306.015699

Date of the court's decision:  September 24, 2007

Result (attach a copy of the court's opinion or order, if available):  Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Supreme Court of Delaware

Docket or case number (if you know): _538, 2007_

Date of the court's decision: _March 31, 2005_

Result (attach a copy of the court's opinion or order, if available): _Affirmed_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _above_

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Jerome Capone 1823 W. 16th St. Wilmington, DE 19806_
_Michael C. Heyden 1201 King St. Wilmington, DE 19801_

(b) At arraignment and plea: _Same ↑_

(c) At trial: _Same_

(d) At sentencing: _Same_

(e) On appeal: _Same_

(f) In any post-conviction proceeding: _None_

(g) On appeal from any ruling against you in a post-conviction proceeding: _None_

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes        ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed:    _____

(c) Give the length of the other sentence:    _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes        ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

June 8, 2005  Direct appeal filed

July 5, 2005  Direct appeal Decided (Denied)

※ July 28, 2005  Mandate Filed from Supreme Court (Habeas time starts)

June 15, 2006  Post Conviction Relief filed (43 days left to file Habeas)

September 24, 2007  Post Conviction Relief denied (Superior Court)

October 9, 2007  Notice of Appeal filed to Supreme Court

March 31, 2008  Post Conviction Relief denied

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
       custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
       of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
       the Constitution or laws of the United States is removed, if the applicant was prevented from
       filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
       if the right has been newly recognized by the Supreme Court and made retroactively applicable to
       cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
       discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with
       respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
       under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Reversal of Convictions

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    4/22/08    (month, date, year).

Executed (signed) on    4/22/08    (date).  Jason Naming

<u>Ground Five</u>: Jury's verdict not supported by sufficient evidence

(A) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The state of Delaware presented insufficient evidence at the defendants February 2004 New Castle County Superior court trial for a Rational trier of fact to find all of the essential statutory elements of each of the five criminal charges beyond a reasonable doubt.

(B) If you did not exhaust your state remedies on Ground ~~five~~ Pfive, explain why: __N/A__

(C) Direct appeal of ground five.
(1) If you appealed from the judgment of conviction, did you raise this issue  ☑ yes  ~~no~~
(2) If you did not raise this issue in your direct appeal, explain why:

(D) Post Conviction Proceedings:
(1) Did you raise this issue through a post Conviction motion or petition for habeas corpus in a state trial court?  ☑ yes
(2) Type of motion or petition: <u>Post Conviction Relief Rule 61</u>
Name and location of the court where the motion or petition was filed: <u>Superior Court of Delaware New Castle County Court house 500 King St. Wilmington, DE   19801</u>
Docket or case number: <u>0306015699</u>
Date of Court's decision: ~~Just t~~ <u>September 24, 2007</u>
Result: Denied
(3) Did you receive a hearing on your motion or petition?  ☑ No

(4) Did you appeal from the denial of your motion or petition? ☒ yes

(5) If your answer to Question (D)(4) is "Yes", did you raise this issue in the appeal? ☒ yes

(6) If your answer to Question (D)(4) is "Yes", state.

Name and location of the court where the appeal was filed: Supreme Court of Delaware, 500 King St. Wilmington, DE 19801

Docket or case number: 538, 2007

Date of court's decision: March 31, 2008

Result: Affirmed

(7) If your answer to Question (D)(4) or Question (D)(5) is "No", explain why you did not raise this issue: N/A

(8) Describe any other procedures (such as habeas corpus, administrative remedies, ect.) that you have used to exhaust your state remedies on ground five: None

Ground Six: Appellate counsel was ineffective as he failed to present the facts, or argue based upon the facts reflected in the record.

(A) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel failed to present four of the five arguments outlined in this motion/petition; this miscarriage of justice undermined the legality, reliability, integrity & fairness of the proceedings leading to the defendant's judgment of conviction

(B) If you did not exhaust your state remedies on ground six, explain why: N/A

(C) Direct appeal on ground six:
(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ No
(2) If you did not raise this issue in your direct appeal, explain why: <u>Could not raise Ineffective claim on direct appeal because the same counsel did trial and direct appeal.</u>

(D.) Post Conviction Proceedings:
(1) Did you raise this issue through a Post Conviction motion or petition for habeas corpus in a state trial court?  ☑ yes
(2) Type of motion or petition: <u>Post Conviction Relief Rule 61</u>
Name and location of the court where the motion or petition was filed: <u>Superior Court of Delaware New Castle County 500 King St. Wilmington, DE 19801</u>
Docket or case number: <u>0306015649</u>
Date of court's decision: <u>September 24, 2007</u>
Result: <u>Denied</u>
(3) Did you recieve a hearing on your motion or petition?  ☑ No
(4) Did you appeal from the denial of your motion or petition?  ☑ yes
(5) If your answer to Question (D)(4) is "Yes," did you raise this issue in the appeal?  ☑ yes
(6) If your answer to Question (D)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
<u>Supreme Court of Delaware New Castle county 500 King St. Wilmington, DE 19801</u>
Docket or case number: <u>538, 2007</u>
Date of courts decision: <u>March 31, 2008</u>
Result: Affirmed

(7) If your answer to Question (D)(4) or Question (D)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(E) Describe any other procedures (such as habeas Corpus, administrative remedies, ect.) that you have used to exhaust your state remedies on ground six: <u>None</u>

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
v. ) ID No. 0306015699
)
JASON HAINEY, )
)
Defendant. )

Submitted: June 7, 2007
Decided: September 24, 2007

**On Defendant's *Pro Se* Motion for Postconviction Relief. DENIED.**

## ORDER

Allison Texter, Deputy Attorney General, Wilmington, Delaware 19801.

Jason Hainey, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977. *Pro se.*

**CARPENTER, J.**

On this 24th day of September 2007, upon consideration of Defendant's Motion for Postconviction Relief it appears to the Court that:

1.       On June 15, 2006 Jason Hainey ("Defendant") filed a *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). For the reasons set forth below, Defendant's Motion for Postconviction Relief is **DENIED**.

2.       The Defendant was indicted and charged with two counts of First Degree Murder, Attempted First Degree Robbery, and two counts of Possession of a Firearm During the Commission of a Felony. Following a jury trial, the Defendant was convicted of all counts. The jury recommended a life sentence by a vote of 7-5, and the Court sentenced the Defendant on May 14, 2004 to life imprisonment. Upon subsequent appeal, the Delaware Supreme Court affirmed Mr. Hainey's convictions and a mandate was issued on July 28, 2005. Thereafter, the Defendant filed this timely motion for postconviction relief. At the Court's request, Defendant's trial attorneys, Jerome M. Capone, Esquire, and Michael C. Heyden, Esquire ("Counsel"), filed affidavits in response to the claims of ineffective assistance of counsel.

3.       Mr. Hainey states fourteen grounds for relief in his motion:

    1. The Court abused its discretion by admitting evidence without an established nexus to the crime.

2

2. The Court abused its discretion by suppressing the testimony of a ballistics expert.

3. The Court abused its discretion by excluding impeachment of a witness with a juvenile burglary adjudication

4. Counsel was ineffective for failing to interview and subpoena a key witness.

5. The prosecutor's use of misleading and perjured testimony amounted to prosecutorial misconduct.

6. Counsel was ineffective because he failed to move for a judgment of acquittal.

7. The Defendant's right to a fair trial was unduly prejudiced by a witness's statement that Defendant was "locked up."

8. Mr. Hainey's right to confront the witnesses against him was violated when he was not able to cross-examine Corporal Whitmarsh, the author of a police report that conflicted with another witness's testimony.

9. The Court erred by allowing the prosecutor to argue an intentional murder theory, rather than reckless murder.

10. The Court abused its discretion when it admitted testimony linking a gun to the murder without conclusive evidence.

11. There was insufficient evidence to support the jury's verdict.

12. The Court erred in failing to *sua sponte* give a *Getz* instruction to the jury.

13. The prosecutor's misrepresentation of evidence amounted to misconduct.

14. The Court incorrectly instructed the jury on the charge of first degree murder.

4.    Before assessing the merits of Mr. Hainey's postconviction claim, the Court must determine whether the procedural requirements of Rule 61(i) have been met.[1] Rule 61 bars claims which the defendant failed to assert in prior proceedings leading to his judgment of conviction, unless cause and prejudice are shown by the movant.[2] Under this standard, several of the claims raised by Mr. Hainey in his motion are procedurally defaulted.

5.    As to grounds 5, 7, 9, 10, 13 and 14 listed above, the Defendant failed to object to these issues at trial or to raise them on direct appeal, and is thus barred under Rule 61(i)(3) from raising them now. Additionally, Mr. Hainey failed to show cause or prejudice in any of these claims.[3]

---

[1] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)(citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

[2] Super. Ct. Crim. R. 61(i)(3).

[3] Mr Hainey claims counsel failed to discuss his options for appeal. However, both Mr. Capone and Mr. Heyden state in their affidavits that appeal issues were discussed at trial and sentencing. Capone Aff., at ¶2; Heyden Aff., at ¶¶1-2.

4

6.     In ground 2, Mr. Hainey claims the trial court abused its discretion by granting the Defendant's own motion in limine to suppress the testimony of the state's ballistic expert. Counsel had no reason to raise this issue on direct appeal, and Mr. Hainey cannot meet the required showing of prejudice because he benefitted from having the suppression motion granted at trial. Thus, this claim too is procedurally defaulted.

7.     In ground 8, Mr. Hainey claims he was denied his right to confront the witnesses against him when he was not permitted to cross-examine Corporal Whitmarsh about a statement he made in a report indicating that he (Whitmarsh) found the murder weapon. It appears Mr. Hainey is asserting that he would have been allowed to present to the jury Corporal Whitmarsh's statement, and to point out its inconsistency with the testimony of Detective Spillan, who testified it was he who found the gun. Because this issue was not presented on the Defendant's direct appeal, he cannot claim it now. But there are two other problems with the Defendant's claim. First, Corporal Whitmarsh was never called to testify, but that was not caused by any ruling by the Court. A defendant cannot assert that he was unable to cross-examine a witness when that witness was never called to the stand. Without some obstacle that prevents Corporal Whitmarsh from testifying, the Defendant's right to confront under *Crawford* is not triggered. [4]   Additionally, Mr. Hainey makes no showing of

---

[4] *See generally Crawford v. Washington*, 541 U.S. 36 (2004).

cause and prejudice, as this inconsistency was thoroughly examined during the cross-examination of Detective Spillan and this dispute was presented to the jury. As such, this claim is therefore barred.

8.      Rule 61(i) also bars any ground for relief that was formerly adjudicated, unless the interest of justice requires reconsideration.[5] A number of Mr. Hainey's grounds have already been presented and resolved either at trial or on direct appeal, including, the admissibility of the gun (ground 1); admissibility of a witness's juvenile robbery conviction (ground 3); insufficiency of the evidence (ground 11); and the trial court's failure to give a *Getz* instruction to the jury (ground 12). Because Mr. Hainey's claims do not meet the narrow "interest of justice" exception, they are barred and do not warrant further consideration.[6]

9.      The remaining claims asserted by Mr Hainey are claims for ineffective assistance of counsel, and these claims are not barred by Rule 61. Specifically, he sets forth two grounds: 1) counsels' failure to interview and subpoena a key witness, and 2) counsels' failure to move for a judgment of acquittal at trial.

---

[5] Super. Ct. Crim. R. 61(i)(4). A claim can be formerly adjudicated in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding. State courts are not required to relitigate in postconviction those claims which have been previously resolved. *Younger v. State*, 580 A.2d 552, 556 (Del. 1990), *Flamer v. State*, 585 A.2d 736, 745-46 (Del. 1990).

[6] In order to invoke the "interest of justice" provision of Rule 61(i)(4), a movant must show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him." *Flamer*, 585 A.2d at 746. Mr. Hainey's claims fail to meet this narrow exception.

6

10.    To establish a claim of ineffective assistance of counsel, a defendant must meet the two-part test set forth in *Strickland v. Washington*.[7] Mr. Hainey must show both that: 1) Mr. Capone's and Mr. Heyden's representation fell below an objective standard of reasonableness, and 2) a reasonable probability exists that Mr. Hainey would not have been convicted but for his trial counsels' error.[8] Both of Mr. Hainey's claims fail under the *Strickland* analysis.

11.    First, counsels' failure to interview and subpoena Phil Kizee does not qualify as objectively unreasonable.[9] Counsels' affidavits cites numerous attempts to contact Mr. Kizee.[10] Not only was Kizee unresponsive to counsel's requests, but his criminal history made him a less than desirable witness. Thus, counsels' decision not to subpoena Kizee was a tactical one. Second, even if counsels' conduct had been deemed unreasonable, Mr. Hainey's claim does not satisfy the prejudice prong of *Strickland*. Hainey alleges that Kizee's testimony would have contradicted that of the

---

[7]466 U.S. 668 (1984).

[8]*Wright v. State*, 608 A.2d 731 (Del. 1992), citing *Strickland v. Washington*, 466 U.S. 668 (1984) and *Albury v. State*, 551 A.2d 53, 58 (Del. Super. Ct. 1988).

[9] Phil "Free" Kizee was an acquaintance of Mr. Hainey who, according to trial testimony, was present when Mr. Hainey confessed to State's witnesses Tann and Evans that he killed Mr. Mercer. Mr. Hainey asserts in his motion that Kizee was listed as a witness for the State, but was never called to testify. Mr. Hainey then draws the conclusion that because Kizee was never called "it was obvious" that Mr. Kizee's story did not corroborate that of the other State's witnesses. Def. Mot., D.I. 78, Ground 4, at 4.

[10]Capone Aff., at ¶3. ("Hainey was not helpful in providing us with information about where we might locate Phil Kizee. . . Repeated phone calls were made to a New Jersey phone number believed to be Kizee's, and a message was left with a woman believed to be his mother. There was no response to these phone calls. A letter was sent to a New Jersey address believed to be Kizee's. There was no response to this letter."); Heyden Aff., at ¶2.

7

state's witnesses. While this is mere conjecture on Mr. Hainey's part, it is clear that if Kizee was found and testified, that his testimony would have placed Mr. Hainey in an even less desirable light, as he had told counsel that he and Kizee had been involved in similar armed robbery conduct in the past. [11] The potential danger of Kizee's testimony far outweighed any potential benefit. Thus, the Defendant's first ineffective assistance of counsel claim fails.

12.     Similarly, Mr. Hainey's contention that his counsel was ineffective for failing to move for acquittal pursuant to Rule 29 fails the *Strickland* test as it is not objectively unreasonable conduct. [12]   Counsel provide ample explanation in their affidavits for the decision not to move for acquittal.[13] In addition, the Court finds that even if the motion had been made, it would have been denied as the state had clearly established its burden when the evidence was considered in the light most favorable to them. Thus, Mr. Hainey cannot claim  prejudice under the second prong of *Strickland*, and this claim also fails.

---

[11]Capone Aff., at ¶3.

[12] Super. Ct. Crim. R. 29. ("The Court. . . shall order the entry of judgment of acquittal. . . if the evidence is insufficient to sustain a conviction. . .").

[13] "I did not make a Motion for Judgment of Acquittal because I did not think that we could meet the Rule 29 standard..." Capone Aff., at ¶3; "The motion in limine had been extensively briefed, argued and reargued.  Inconsistencies in testimony do not mean that there is perjury.  Credibility of the witnesses is in the province of the jury." Heyden Aff., at ¶3.

13.    For the foregoing reasons, Mr. Hainey's Motion for Postconviction
Relief is hereby denied.

IT IS SO ORDERED.

_____
Judge William C. Carpenter, Jr.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JASON HAINEY, | § |
| | § No. 538, 2007 |
| Defendant Below- | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID No. 0306015699 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: March 28, 2008
Decided: March 31, 2008

Before **STEELE**, Chief Justice, **JACOBS** and **RIDGELY**, Justices.

### O R D E R

This 31st day of March 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, Jason Hainey, filed an appeal from the Superior Court's September 24, 2007 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we affirm.

(2)    In February 2004, a Superior Court jury found Hainey guilty of two counts of Murder in the First Degree, Attempted Robbery in the First Degree, and two counts of Possession of a Firearm During the Commission of a Felony. After the penalty phase hearing, the jury recommended a life

sentence by a vote of 7-5. The Superior Court sentenced Hainey to life in prison. This Court affirmed Hainey's convictions and sentences on direct appeal.[1]

(3)    In this appeal from the Superior Court's denial of his postconviction motion, Hainey claims that a) the prosecutor used perjured testimony and misrepresented the evidence, depriving him of a fair trial; b) the judge improperly permitted a gun to be admitted into evidence, depriving him of a fair trial; c) there was insufficient evidence to support the jury's verdict; d) his trial counsel provided ineffective assistance by failing to interview and subpoena a key witness, file a motion for judgment of acquittal, and properly present the facts at trial; and e) his appellate counsel provided ineffective assistance by failing to assert the appropriate claims on appeal. To the extent that Hainey has not argued other grounds to support his appeal that were previously raised, those grounds are deemed waived and will not be addressed by this Court.[2]

(4)    When considering a postconviction motion pursuant to Rule 61, the Superior Court must first determine whether the procedural requirements

---

[1] *Hainey v. State*, 878 A.2d 430 (Del. 2005).

[2] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). In his postconviction motion, Hainey also argued that: the trial judge abused his discretion by excluding evidence, admitting prejudicial testimony, and failing to properly instruct the jury; and his right to confront his accuser was violated when he was not allowed to cross-examine the author of the police report.

of the rule have been met before reaching the merits of the claims.[3]   The record reflects that Hainey's first claim of prosecutorial misconduct was never presented at trial or on direct appeal.   Therefore, the claim is procedurally defaulted unless Hainey can demonstrate either cause and prejudice[4] or a colorable claim of a constitutional violation.[5]   In the absence of any such evidence, we conclude that Hainey's first claim is without merit. The record also reflects that Hainey's second and third claims of improper evidentiary rulings and insufficiency of the evidence were previously adjudicated, at trial and in his direct appeal.  These claims are procedurally barred unless Hainey can demonstrate that reconsideration of the claims is warranted in the interest of justice.[6]  In the absence of any such evidence, we conclude that these claims, too, are without merit.

(5)   Hainey's two final claims are that his trial counsel and his appellate counsel provided ineffective assistance.  In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have

---

[3] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[4] Super. Ct. Crim. R. 61(i) (3) (A) and (B).

[5] Super. Ct. Crim. R. 61(i) (5).

[6] Super. Ct. Crim. R. 61(i) (4).

been different.[7]   Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[8]   The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[9]   Because Hainey has failed to demonstrate that either his trial counsel or his appellate counsel committed errors resulting in prejudice to him, we conclude that his claims of ineffective assistance are also unavailing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/Henry duPont Ridgely
Justice

---

[7] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

[8] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[9] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

4

I/M: Jason Hainey

SBI# 383182 _____ UNIT M4U

**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**



Office of the Clerk
United States District Court
844 N King st lockbox 18
Wilmington, DE 19801

